**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 02-30486

(Summary Calendar)

_____


PECAN ACRES LIMITED PARTNERSHIP I; PECAN ACRES LIMITED PARTNERSHIP II,


Plaintiffs - Appellants,


versus


CITY OF LAKE CHARLES; CITY COUNCIL OF LAKE CHARLES; MIKE HUBER, Individually & in his official capacity as City Councilman of City of Lake Charles; ERNEST BROUSSARD, Individually & in his official capacity as Director of Planning and Economic Development Office of Zoning and Land Use; NOEL MOSS, Individually & in his official capacity as Assistant Director of Planning and Economic Development Office of Zoning and Land Use,


Defendants - Appellees.


_____

Appeal from the United States District Court
For the Western District of Louisiana
01-CV-918

_____

November 29, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:<sup>*</sup>

Pecan Acres Limited Partnerships I and II ("Pecan Acres") appeal the district court's grant of summary judgment for the defendants. The basis of this suit is Pecan Acres's attempts to build low income housing on parcel of land that is partially in the City of Lake Charles and partially in the neighboring Calcasieu Parish. Pecan Acres argues the district court erred by granting summary judgment because (1) it failed to find a material factual dispute as to whether the defendants violated the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and the Louisiana Equal Housing Opportunity Act, LA. REV. STAT. ANN. §§ 51:2601 *et seq.*, by engaging in a continuous pattern of discrimination; (2) it held there was no violation of Pecan Acres's due process rights when Pecan Acres was denied a hearing before one of its minor conditional use permits ("MCUP") was revoked; and (3) it held that Pecan Acres had not stated a claim of detrimental reliance, which is actionable under LA. CIV. CODE art. 1967.

Summary judgment is appropriate when there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as matter of law." FED. R. CIV. P. 56(c). We have reviewed *de novo* the district court's judgment, the record, and the briefs, and find no error in the district court's judgment.

The continuing violation doctrine of the Fair Housing Act applies "where a plaintiff, pursuant to the Fair Housing Act, challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982). Pecan Acres has not shown that the continuing violation doctrine applies

<sup>*</sup>        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the facts at hand. The first permit issued by the defendants, MCUP #96-43, was conditioned on Lake Charles's ability to annex the land that was not under its jurisdiction. When the annexation attempt failed, this permit essentially lapsed. Pecan Acres did not attempt to appeal or litigate that outcome. The second permit, MCUP #98-02, was issued for a separate, smaller development on the part of the land within Lake Charles's jurisdiction, and it was conditioned on the provision of appropriate drainage plans. The two permits involved two different parcels of land, different proposed structures, and separate permit requirements. Accordingly, they are not connected and do not comprise a continuing scheme of discrimination.

Without proof of a continuing violation, the acts and circumstances surrounding MCUP #96-43 are time-barred by the Fair Housing Act's two-year statute of limitations. 42 U.S.C. § 3613(a)(1)(A). In addition, Pecan Acres has not raised a genuine issue of fact as to whether the conditional grant of the second permit, MCUP #98-02, stemmed from any discriminatory policy, procedure, or practice. Lake Charles requires that all major developments maintain existing drainage performance, and it granted a permit once Pecan Acres provided the necessary drainage plans. Pecan Acres has provided no evidence that the conditional grant of MCUP #98-02 was discriminatory in intent or effect. For the same reasons, Pecan Acres's has failed to prove a violation of the Louisiana Equal Housing Opportunity Act.

Pecan Acres also alleges that Lake Charles's failure to hold a hearing when the first permit, MCUP #96-43, was revoked was a violation of Pecan Acres's due process rights and thus actionable under 42 U.S.C. § 1983. Under Louisiana law, §1983 claims must be brought within one year. *E.g.*, *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999); LA. CIV. CODE ANN. art. 3492. Thus, Pecan Acres's § 1983 claims are time-barred.

Finally, Pecan Acres has not made out a detrimental reliance claim under LA. CIV. CODE art. 1967. Reliance must be reasonable, *see id.*, and it was not reasonable for Pecan Acres to rely on the a conditional permit before the affected landowners had voted on the annexation. There was no formal contract between Lake Charles and Pecan Acres, and both parties were aware that annexation was a necessary condition to development of the land.

Thus, the district court's judgment is AFFIRMED.